IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jessie Ratliff, #336747,  )  | Civil Action No.:4:14-746-MGL |
| )  | |
| Petitioner,  )  | |
| )  | |
| v.  )  | **OPINION AND ORDER** |
| )  | |
| Warden Evans Correctional Institution,  )  | |
| )  | |
| Respondent.  )  | |
| _____ )  | |

Pro se Petitioner, Jessie Ratliff, an inmate in the South Carolina Department of Corrections seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction. (ECF No. 1.) Respondent denies Petitioner's allegations and has filed a motion for summary judgment. (ECF No. 20.) Petitioner has responded with his own motion to dismiss his habeas petition with prejudice. (ECF No. 25.) Respondent does not oppose Petitioner's motion. (ECF No. 26.)

A plaintiff may voluntarily dismiss an action as of right and without consent of the court either by stipulation of all parties or unilaterally if the defendant has not yet filed an answer or motion for summary judgment. *See* Fed.R.Civ.P. 41(a)(1). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2).

After careful review of the record and the applicable law, Petitioner's motion to dismiss his petition for habeas relief is GRANTED. Accordingly, this action is dismissed with prejudice pursuant to Fed.R.Civ.P. 41(a)(2). As such, Respondent's motion for summary judgment is moot.

**Certificate of Appealability**

The law governing certificates of appealability provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
July 2, 2014